UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KEVIN EVANS,

PLAINTIFF,

-AGAINST-

NEW YORK CITY, POLICE OFFICER CHRISTIAN
BULA, POLICE OFFICER JOHN DOE 1, POLICE
OFFICER JOHN DOE 2, and POLICE OFFICER JOHN
DOE 3, individually, and in their capacity as members of
the New York City Police Department,

DEFENDANTS.

------------------------------------------------------------------------ x

**COMPLAINT**

**19-CV-11622**

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff Mr. Kevin Evans ("Mr. Evans") seeks relief
   for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth
   Amendments to the United States Constitution.

2. The claims arise from an incident on or about May 30, 2019, in which officers of the
   New York City Police Department ("NYPD"), acting under color of state law,
   intentionally and willfully subjected Mr. Evans to, *inter alia*, False Arrest, Excessive
   Force, and Denial of Right to a Fair Trial.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against
   Defendants and an award of costs and attorneys' fees, and such other and further
   relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Evans, is a citizen of the United States and at all times here relevant resided at 208 South 6th Street, Newark, NJ 07103.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Christian Bula ("PO Bula"), Police Officer John Doe 1 ("PO John Doe 1"), Police Officer John Doe 2 ("PO John Doe 2"), and Police Officer John Doe 3 ("PO John Doe 3") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Evans is 27 years old and is self-employed as a personal trainer.

11. On or about May 30, 2019, Mr. Evans had a training session in a gym in Harlem.

12. Following the training session, Mr. Evans was walking on the sidewalk at the intersection between 125th Street and Park Avenue.

13. Mr. Evans had an unlit cigar in his pocket.

14. A police car pulled up beside Mr. Evans.

15. PO Bula and PO John Doe 1 exited the police car.

16. The officers accused Mr. Evans of having Marijuana.

17. Mr. Evans told the officers that he did not have Marijuana.

18. Mr. Evans told the officers that he had a cigar in his pocket.

19. Mr. Evans showed the cigar to the officers.

20. One of the officers took the cigar.

21. The officers grabbed Mr. Evans by the arm.

22. PO John Doe 2 and PO John Doe 3 arrived on the scene.

23. PO John Doe 2 and PO John Doe 3 also grabbed Mr. Evans.

24. The officers put Mr. Evans in a chokehold.

25. One of the officers threatened to use a taser on Mr. Evans.

26. The officers tackled Mr. Evans to the ground.

27. Mr. Evans was handcuffed behind his back.

28. The officers searched Mr. Evans and searched his bag.

29. There was no Marijuana or any other contraband on Mr. Evans' person or in his bag.

30. No Marijuana was recovered from the scene of the incident.

31. Mr. Evans was taken to the precinct and held for several hours.

32. Mr. Evans was then taken to Central Bookings, where he was charged with Resisting
    Arrest, Attempted Tampering With Physical Evidence, and Criminal Possession of
    Marijuana.

33. In the Criminal Court Complaint, PO Bula falsely stated that he "observed the defendant standing on the sidewalk with a burning marijuana cigarette."

34. In the Criminal Court Complaint, PO Bula falsely stated: "When I attempted to place the defendant under arrest, I observed the defendant lock his arms at his sides and refuse to put his hands behind his back. I observed that it took the assistance of three other police officers, over approximately two minutes, to move the defendant's arms behind his back to place the defendant in handcuffs. I observed that the defendant's above described conduct made it difficult for me to place him under arrest."

35. Mr. Evans was released from Central Bookings at approximately 1:00 am on May 31, 2019

36. Mr. Evans had to return to court on several occasions.

37. On November 1, 2019, Mr. Evans attended court and all charges were dismissed.

38. Mr. Evans has suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, and loss of liberty.

**FIRST CAUSE OF ACTION**

(42 USC 1983 – Excessive Force)

39. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

40. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

41. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States

Constitution, in that Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

42. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

### (42 USC 1983 – False Arrest)

43. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

44. Defendants have deprived Plaintiff of his civil, constitutional, and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

45. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

46. Defendants confined Plaintiff.

47. Plaintiff was aware of, and did not consent to, his confinement.

48. The confinement was not privileged.

49. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

### (42 USC 1983 –Denial of Right to a Fair Trial)

50. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

51. Defendant have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

52. Defendants have deprived Plaintiff of his right to a fair trial, pursuant to the Fourteenth and Sixth Amendments to the United States Constitution.

53. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

54. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

55. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of Plaintiff's causes of action;
> Awarding Plaintiff punitive damages in an amount to be determined by a jury;
> Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;
> And such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           December 19, 2019

By:     _____/s/_____

        Malcolm Anderson (MA 4852)
        PetersonDelleCave LLP
        Attorney for Plaintiff
        233 Broadway, Suite 1800
        New York, NY 10279
        (212) 240-9075